NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010[*]
Decided May 6, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3550

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 06 CR 50073 |
| VERNON D. WOODS, | |
| *Defendant-Appellant.* | Philip G. Reinhard, *Judge.* |

## O R D E R

The last time this case was before us, we concluded that appellant Vernon D. Woods was entitled to be resentenced, because the district court had erred when it concluded that Woods was a career offender for purposes of § 4B1.1 of the United States Sentencing Guidelines. See *United States v. Woods,* 576 F.3d 400 (7th Cir. 2009) (*Woods I*). In keeping with our order, the district court held a second sentencing hearing on remand, after which it

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

imposed a sentence of 144 months' imprisonment and six years' supervised release on his two drug distribution charges, and a concurrent sentence of 120 months for possessing a firearm and ammunition as a convicted felon. Woods's original sentence had been 192 months' imprisonment, and so his first appeal had the effect of shaving four years off of his overall sentence. Nevertheless, the court's sentence was considerably higher than the 63-78 month range that the guidelines recommended, once the career-criminal provisions were set aside.

Woods has appealed again, asserting that the district court failed to give an adequate explanation for choosing a sentence so much higher than the top of the guidelines range. He infers, from that lack of explanation, that the district court failed to take into account the risk that its sentence could lead to unwarranted sentencing disparities among similar defendants. See 18 U.S.C. § 3553(a)(6). Our review of the sentencing record satisfies us, however, that the district court acted within its discretion when it chose a proper sentence for Woods, and that it committed no procedural error requiring reversal. We therefore affirm.

There is little more that we need add. As we explained in *United States v. Moreno-Padilla*, 2010 WL 1380120 (7th Cir. April 8, 2010):

> Our review of sentencing decisions proceeds in two steps. . . . First, we ensure that the district court did not commit any "significant procedural error," examples of which include failing to calculate, or improperly calculating, the applicable Guidelines range; treating the Guidelines as mandatory; or failing to consider the 18 U.S.C. § 3553(a) factors. . . . Once we are convinced that the sentencing judge followed correct procedure, we then consider the substantive reasonableness of the sentence. . . . We presume that within-Guidelines sentences are reasonable, . . . and we review sentences only for abuse of discretion . . . .

2010 WL 1380120 at *6 (citations omitted). In addition, the court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007), citing *Rita v. United States*, 551 U.S. 338, 356-57 (2007).

As we noted, Woods's primary argument in this appeal is that the district court failed to offer an adequate explanation for why it chose a sentence (144 months) that was nearly twice the top of the recommended guidelines range (78 months). Such a sentence, he continues, violates the principle expressed in § 3553(a)(6) that unwarranted disparities among similar defendants must be avoided. We reject both of these propositions. The

district court began the resentencing hearing by allowing both Woods and the government to present arguments about what sentence would be appropriate. The government urged the court to reinstate the 192-month sentence it had originally imposed, in light of the serious nature of the drug and gun charges Woods faced, the fact that his criminal history included four felony drug convictions as well as the conviction for involuntary manslaughter (which we discussed in *Woods I*), and the likelihood of recidivism. Woods responded that 192 months was well in excess of any sentence that met the requirements of § 3553(a). He pointed out that his prior drug convictions all involved small quantities. He also brought to the court's attention the fact that, since his original sentencing, he had earned his GED, completed drug treatment and education programs, and had not received any disciplinary tickets while incarcerated. Finally, he argued that his dysfunctional upbringing was a reason for a sentence within the revised guidelines range.

The court's comments show that it took all of this information into account. It found – contrary to Woods's argument – that his criminal history was quite serious. It noted that despite Woods's numerous prior drug convictions, he had proved thus far to be incorrigible. The fact that Woods also possessed a loaded .357 Magnum in connection with his current offense also supported a higher sentence, in the court's view. On a number of occasions, Woods had violated the conditions of his state parole and his parole had been revoked. Summarizing, the court said "I must deter this defendant, and the only way is imprisonment for a substantial period of time, and a light sentence would have no deterrent effect for one with his record." The court acknowledged that Woods had used his time in prison well and that his upbringing had been difficult, but that these considerations did not override the need to protect society from him and to deter him from committing future crimes. It specifically noted that the sentence it chose was lower than the one the government had recommended, but significantly higher than the recommended guidelines sentence.

From a procedural standpoint, this explanation was entirely sufficient to allow this court to follow the district court's reasoning. Any disparity between Woods's sentence and that of other defendants facing similar charges was justified by Woods's own characteristics. Woods is correct that it would be wise for sentencing courts to consider the guidelines when they determine how much incremental punishment should be applied, *United States v. Kirkpatrick*, 589 F.3d 414, 416 (7thCir. 2009), but the district court is not required to express its conclusions in those terms. Finally, we see nothing substantively unreasonable about the sentence the court chose.

We therefore AFFIRM the judgment of the district court.