**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 12, 2010[*]
Decided May 13, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2549

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 CR 459-1 |
| SALVADOR LEMUS-RODRIGUEZ, *Defendant-Appellant.* | John W. Darrah, *Judge.* |

**O R D E R**

An Illinois court convicted Salvador Lemus-Rodriguez of committing an aggravated sexual assault against his girlfriend's teenage daughter. At the time, Lemus-Rodriguez, a Mexican citizen, was in the United States unlawfully after two prior convictions for unlawful reentry, 8 U.S.C. § 1326(a). Federal authorities then, for the third time, charged him with violating § 1326(a). He pleaded guilty, and at sentencing the district court

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

increased his offense level by 16 after concluding that, before he was last deported, Lemus-Rodriguez had incurred a firearm conviction that qualified as a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). The court sentenced him to 70 months' imprisonment, with the first 35 months to run concurrently with the Illinois sentence for aggravated sexual assault.

On appeal Lemus-Rodriguez argues that it was error to apply the 16-level increase because, in his view, the Sentencing Commission "failed to fulfill its 'institutional role' when it prescribed" the upward adjustment. We have rejected this very argument; sentencing courts must use the guidelines as written to calculate the guidelines range, and then, as a matter of discretion, the court may impose a sentence that is outside the range established by the Sentencing Commission. *See, e.g., United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009); *United States v. Parr*, 545 F.3d 491, 504 (7th Cir. 2008). The district court was free to conclude that giving effect to the 16-level increase would, on the particular facts of this case, produce an unwarranted prison term. *See United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009). But Lemus-Rodriguez did not ask the sentencing court to exercise that discretion, nor did he say anything at all about the "parsimony principle" which, according to his appellate brief, was his "main argument" at sentencing.

What Lemus-Rodriguez in fact argued at sentencing is that his Illinois conviction for reckless discharge of a firearm, which served as the basis for applying the 16-level increase, is not a crime of violence. He has abandoned this argument on appeal, but the government candidly concedes that prosecutors were wrong in persuading the sentencing court to rely on *United States v. Newbern*, 479 F.3d 506 (7th Cir. 2007), to reject the defendant's contention. The government now acknowledges that the Illinois offense of reckless discharge of a firearm is not a crime of violence and urges us to remand the case for resentencing.

In *Newbern* we analyzed the definition of crime of violence in U.S.S.G. § 4B1.2(a)(2) and concluded that reckless discharge of a firearm properly satisfied that definition's residual clause because the offense "presents a 'serious potential risk of physical injury to another.'" 479 F.3d at 509 (quoting § 4B1.2(a)(2)). But the district court should not have relied on that decision because, unlike § 4B1.2, the relevant definition for "crime of violence" in § 2L1.2 is narrower and does not incorporate the broad residual clause found in § 4B1.2. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 849 (7th Cir. 2005). Moreover, by the time the district court had sentenced Lemus-Rodriguez, the Supreme Court had decided *Begay v. United States*, 553 U.S. 137 (2008). In the aftermath of *Begay*, we questioned the continued viability of *Newbern* and concluded that it no longer is possible to characterize an offense as a crime of violence solely because it "poses a serious risk of physical injury to another." *United States v. Smith*, 544 F.3d 781, 783-84 (7th Cir. 2008).

More recently we have held that, in light of *Begay*, a crime for which the mental state is limited to recklessness cannot qualify as a crime of violence, *United States v. Woods*, 576

F.3d 400, 412-13 (7th Cir. 2009), and we have applied this rule to conclude that the Illinois offense of reckless discharge of a firearm is not a crime of violence under § 4B1.2, *United States v. Gear*, 577 F.3d 810, 812 (7th Cir. 2009). Based on this precedent, the district court's decision was an error that requires resentencing.

Lemus-Rodriguez's sentence is VACATED, and the case is REMANDED for resentencing.