**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 9, 2010*

Decided July 20, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| **No**. 10-1718 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| **v.** | No. 08-cr-30257-1-DRH David R. Herndon, *Chief Judge.* |
| WILLIAM S. KIRKPATRICK, *Defendant-Appellant.* | |

### Order

Our prior opinion concluded that, before giving an above-Guideline sentence, the district court should first determine what sentence the Guidelines would recommend if the defendant had been convicted of the additional criminal conduct that led the judge to think a higher sentence appropriate. 598 F.3d 414 (2009).

On remand, the district court sentenced Kirkpatrick to 78 months' imprisonment. (The original sentence had been 108 months.) Kirkpatrick has appealed again,

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

contending that the new sentence is unreasonably high. But the sentence is within the Guideline range calculated by the district court using the methodology of our opinion, and an in-range sentence is presumed reasonable. See *Rita v. United States*, 551 U.S. 338 (2007); *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). We do not see any reason to think this sentence unreasonable, provided that the Guideline calculation is correct.

Kirkpatrick says that it is not and points to an illustration in our opinion. We constructed a Guideline range that assigned Kirkpatrick an offense level of 24, which produced a recommended sentence of 57 to 71 months. We added that there are "some other ways of classifying the additional acts that might produce higher ranges, but level 24 seems most likely." We did not discuss any of those other ways or suggest that they would be erroneous. On remand, the district court concluded that Kirkpatrick should be in offense level 26, which implies a suggested range of 70 to 87 months. The critical step in that calculation was the court's conclusion that Kirkpatrick's lies (he said that he had committed four murders and had put out a contract on a federal agent's life; the district judge concluded that he had been bragging) had substantially disrupted governmental functions by leading law-enforcement agencies to waste 200 person-hours on an unnecessary investigation. The judge therefore added four levels under U.S.S.G. §2A6.1(b)(4), while not adding two levels that our opinion had suggested. (The judge viewed these two adjustments as alternates that should not be applied cumulatively.) This is the step that Kirkpatrick says is erroneous.

How much disruption of governmental activity is "substantial" is a matter of degree. Leading an agency to waste 2,000 hours (one person-year of work) would be substantial; wasting 20 hours would not be; 200 wasted hours is somewhere in between. District judges have discretion about how to handle open-ended concepts such as "substantial"—especially given the conclusion in *United States v. Booker*, 543 U.S. 220 (2005), that the Guidelines are not binding in the end. It makes little sense to confine sentencing judges' discretion to interpret words such as "substantial" only to say that, once the range has been calculated, judges may use their personal understandings of wise sentencing policies to vary from the results. When the Guidelines themselves build in discretion, which words such as "substantial" do, district judges must be allowed leeway.

Kirkpatrick also contends that the district judge erred in imposing a fine of $1,000; the original fine had been $360. Our remand did not mention fines and therefore, Kirkpatrick insists, the district judge had to stick with the original. True, our remand did not mention fines, but we vacated the entire sentence. That is our norm. When resentencing a defendant, the district judge is entitled to reconstruct the whole sentence package in order to satisfy the Guidelines and the statutory criteria. There is a tradeoff between fines and imprisonment. A fine of $1,000 remains below the Guideline range (which for Kirkpatrick is $7,500 to $75,000), and there is no basis for upsetting this below-range fine.

Affirmed