09-3062-cr
United States v. Graziano

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT:   REENA RAGGI,
            GERARD E. LYNCH,
                 *Circuit Judges*,
            JED S. RAKOFF,
                 *District Judge.*\*

-----------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

      v.                                   No. 09-3062-cr

CARMINE GRAZIANO,
               *Defendant-Appellant.*

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANT:   JONATHAN I. EDELSTEIN, New York, New York.

APPEARING FOR APPELLEE:   EVAN C. WILLIAMS, Trial Attorney, United States Department of Justice (David C. James, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

---

\* District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Joseph F. Bianco, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 10, 2009, is AFFIRMED.

Carmine Graziano, the owner of a bar in New Hyde Park, New York, was convicted after a jury trial of arson and conspiracy to commit arson, see 18 U.S.C. § 844(i), (n), for hiring a man to set fire to Joseph and Anna Graham's neighboring store, Roseanne's Cards Galore ("Roseanne's"). Sentenced principally to an above-Guidelines sentence of 180 months' imprisonment, Graziano challenges (1) the admission into evidence of certain threats made by him to the Grahams, and (2) the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Evidence of Past Threats and Planned Intimidation

Graziano does not challenge the bulk of the evidence establishing that he hired someone to set fire to Roseanne's. He contends that the district court erred only in admitting the following uncharged act evidence: (1) in 1999, the day after the Grahams complained about Graziano's bar to the police, Graziano said to Joseph Graham, "'I am connected and protected – you don't want to get hurt, do you?,'" Gov't's Mot. In Limine at 4; (2) the following day, Graziano entered the Grahams' card store, brandished a gun, and warned Anna Graham not to call the police again; (3) in 2000, Graziano told Anna Graham to "'kiss your husband goodbye,'" id.; (4) later that year, Graziano warned Anna Graham, "'I'm going

2

to hurt your business the way you hurt mine,'" id. at 4-5; and (5) in 2001, Graziano asked a confederate to have the Grahams assaulted and that confederate recruited two men for the job. We review evidentiary rulings "deferentially" for abuse of discretion, United States v. Quinones, 511 F.3d 289, 307 (2d Cir. 2007), which we do not find in this case.

Under the inclusionary approach adopted by this circuit, uncharged bad acts may be admitted into evidence for any relevant purpose other than propensity, provided that the probative value of the evidence outweighs the danger of unfair prejudice. See, e.g., United States v. Mercado, 573 F.3d 138, 141-42 (2d Cir. 2009) (discussing Fed. R. Evid. 403, 404(b)). Here, the district court reasonably determined, based on our precedent, that the uncharged acts were "'inextricably intertwined with the evidence regarding the charged offense,'" and admissible "'to complete the story of the crime on trial.'" United States v. Graziano, 558 F. Supp. 2d 304, 319 (E.D.N.Y. 2008) (quoting United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000)).

In urging otherwise, Graziano asserts that his uncharged prior actions were separate and distinct from the arson.[2] The record, however, amply supports the district court's well-reasoned opinion finding the threats and planned intimidation to be part of the same "'series of transactions as the charged offense.'" Id. (quoting United States v. Carboni, 204 F.3d at 44). Although Graziano contends that the uncharged acts and the arson were temporally too

---

[2] To the extent Graziano argues that uncharged bad act evidence is never admissible to complete the story of an offense, cf. United States v. Bowie, 232 F.3d 923, 928 (D.C. Cir. 2000), we are, of course, bound by prior rulings of this court approving this theory of admissibility, see, e.g., United States v. Jass, 569 F.3d 47, 58 (2d Cir. 2009).

remote to be inextricably intertwined, the district court was not precluded from finding otherwise. See United States v. Carboni, 204 F.3d at 43-44 (rejecting argument that prior act evidence occurring "long before" charged crime could not be found inextricably intertwined); see also United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) (affirming admission of evidence regarding events months before charged crimes when offered to provide jury with complete story by demonstrating context).

We further conclude that the district court reasonably admitted the evidence of past threats and planned intimidation on the alternative ground that it was probative of Graziano's motive and intent in committing the charged arson. See, e.g., United States v. LaFlam, 369 F.3d 153, 156 (2d Cir. 2004). The fact that threats were made by Graziano, rather than against him, did not render the threats inadmissible for this purpose. See United States v. Morrison, 153 F.3d 34, 57 (2d Cir. 1998) (affirming admission of uncharged bomb threat made by defendant to prove defendant's knowledge, intent, and plan to threaten victim); United States v. Bufalino, 683 F.2d 639, 647 (2d Cir. 1982) (affirming admission of extortion threat made by defendant to prove his motive for seeking victim's death).

Nor was the uncharged act evidence so dissimilar from the arson as to render it irrelevant. See United States v. Brand, 467 F.3d 179, 197 (2d Cir. 2006) (holding uncharged prior conduct generally admissible to prove state of mind and government required to show "only a similarity or some connection to establish that a prior act is relevant" (internal quotation marks omitted)). Graziano's uncharged acts and the arson were similar in their

4

reliance on violence – initially threatened and, when that proved unsuccessful, eventually actual – to achieve a common purpose: intimidation and retaliation for the Grahams' complaints about Graziano's business. Finally, the district court reasonably concluded that the evidence was highly probative and not unfairly prejudicial. Moreover, the district court ensured against unfair prejudice by giving repeated limiting instructions. See United States v. LaFlam, 369 F.3d at 156; United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999).

Accordingly, we reject Graziano's evidentiary challenge as without merit.

2.      Sentencing Challenge

We review Graziano's sentence for reasonableness, see Kimbrough v. United States, 552 U.S. 85, 90-91 (2007), "a particularly deferential form of abuse-of-discretion review," United States v. Cavera, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc).

Graziano asserts that his sentence is procedurally unreasonable because the district court committed Guidelines errors in finding that (1) Joseph Graham suffered an extreme psychological injury warranting an upward departure, see U.S.S.G. § 5K2.3; (2) the offense created a substantial risk of death or serious bodily injury, see id. § 2K1.4(a)(1); and (3) Graziano was a supervisor of criminal activity warranting an aggravating role adjustment, see id. § 3B1.1. We review the district court's findings of facts relevant to the Guidelines for clear error. See United States v. Awan, 607 F.3d 306, 312 (2d Cir. 2010). We review de novo its construction of the Guidelines. See id.

5

In faulting the district court's findings of fact, Graziano largely views the evidence in the light most favorable to himself. The law requires us to do the opposite. See United States v. Guang, 511 F.3d 110, 123 (2d Cir. 2007); United States v. Johnson, 378 F.3d 230, 238-39 (2d Cir. 2004). Having reviewed the district court's detailed discussion of the facts relevant to and reasons for its imposition of a 180-month sentence, we identify no clear error in its findings of fact. See generally Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); cf. DeCarlo v. Fry, 141 F.3d 56, 62 (2d Cir. 1998) (holding that jury verdict must be upheld unless no reasonable factfinder could reach conclusion).

We also do not identify any legal error in the district court's construction of the relevant Guidelines. We need not explain that conclusion in detail because the district court clearly stated that, in light of its factual findings, it would have deemed a 180-month sentence required by 18 U.S.C. § 3553(a) even if the Guidelines calculation had been more favorable to Graziano. See Sent'g Tr. at 58, 67. In these circumstances, even if we had identified any error in Guidelines construction, it would have been harmless. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (deeming procedural error harmless where record clearly indicated that district court would have imposed same sentence in any event); accord United States v. Parker, 577 F.3d 143, 147-48 (2d Cir. 2009) (declining to decide

6

whether district court erred in calculating defendant's criminal history category because "any error would be harmless").

In urging otherwise, Graziano relies on two Seventh Circuit decisions, United States v. Vrdolyak, 593 F.3d 676 (7th Cir. 2010), and United States v. Kirkpatrick, 589 F.3d 414 (7th Cir. 2009). Neither case supports Graziano's sentencing challenge. In Vrdolyak, the Seventh Circuit concluded that a "cascade of errors and omissions" in Guidelines calculations could not be "dismissed as harmless" in light of the district court's "failure to consider the full range of evidence pertinent to a just sentence." 593 F.3d at 683. Here, by contrast, the district judge carefully considered and rejected Graziano's Guidelines arguments and then went on to provide a detailed explanation for why the § 3553(a) factors militated in favor of an above-Guidelines sentence.

In Kirkpatrick, the Seventh Circuit noted the Guidelines' value as a benchmark, observing that "when a judge believes that extra crimes justify extra punishment, it is wise to see how much incremental punishment the Sentencing Commission recommends." 589 F.3d at 416. We agree with this principle, see Gall v. United States, 552 U.S. 38, 49 (2007) (observing that Guidelines provide "starting point" and "benchmark" for district court's sentencing decision); accord United States v. Cavera, 550 F.3d at 189, but not with the conclusion Graziano derives therefrom: that a district judge cannot reasonably conclude that it would have imposed the same sentence even under any different Guidelines range from the one it determines applies, see United States v. Jass, 569 F.3d at 68. In any event, the

7

defect prompting identification of an "arbitrary" sentence in <u>Kirkpatrick</u> was the district court's failure to give anything more than a conclusory explanation for its determination that an aggravating circumstance unrelated to the crime of conviction – defendant's false admissions to other crimes – warranted a sentence five years higher than his Guidelines range of thirty-seven to forty-six months. <u>See</u> <u>United States v. Kirkpatrick</u>, 589 F.3d at 415. No such concern arises in this case.

The district court – with the benefit of unique insights gained at trial and at a sentencing hearing – made specific findings as to a number of severe aggravating factors and meticulously explained the reasons for its conclusion that those factors called for a 180-month prison sentence. <u>See</u> <u>United States v. Jones</u>, 531 F.3d 163, 170-71 (2d Cir. 2008) (discussing institutional advantages of district court in assessing factors relevant to sentencing). For example, in assessing the seriousness of the arson, <u>see</u> 18 U.S.C. § 3553(a)(2)(A), and the need for specific deterrence, <u>id.</u> § 3553(a)(2)(B), (C), the district court determined not only that Joseph Graham experienced serious psychological harm, but that Graziano specifically intended such harm to achieve his intimidation objective. Indeed, the court discussed how the arson fit into the context of Graziano's escalating use of violence to intimidate the Grahams from exercising their lawful right to complain about nuisances created by his bar. The court also explained that the fire's damage to the Grahams' family business – which did not resume operation – not only caused financial loss, but effectively destroyed "a cornerstone of the family's life." <u>United States v. Graziano</u>, No. 07-CR-508, Judgment (July 10, 2009), Statement of Reasons at 3. Finally, the district court explained

8

that it deemed Graziano's actions in ordering the fire – whether he expected it to be big or small – nothing short of depraved given his knowledge that a partially paralyzed man resided above the Grahams' store. See id. at 3-4 ("The depravity demonstrated by the defendant's decision to authorize the arson (with full knowledge of the clear and substantial danger to the life of this disabled man), as well as the actual injury that result to the tenant, together represent a severe aggravating factor not adequately reflected in the advisory range.").

We do not further catalog the district court's sentencing findings, as these examples suffice to support our conclusion that the district court acted well within its discretion in determining that a Guidelines sentence – as calculated either by the court or by Graziano – was insufficient to reflect the seriousness of defendant's crime and to provide the necessary general and specific deterrence. Because a 180-month sentence fell within the broad range of reasonable sentences available to the district court for the crime at issue, this is not one of those rare cases in which we have occasion to identify substantive unreasonableness. See generally United States v. Cavera, 550 F.3d at 188-89 (observing that appeals court will only rarely conclude that weight assigned particular factor removes sentence from broad range of permissible decisions available to district court).

We have considered Graziano's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9