# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2011

Lyle W. Cayce
Clerk

No. 10-40639
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARVIN CORTEZ ESTRADA, also known as Marvin Cortes Estrada,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-616-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marvin Cortez Estrada (Cortez) pled guilty to reentering the United States illegally after deportation. The district court varied upward from the Sentencing Guidelines imprisonment range in sentencing Cortez to a 70-month term of imprisonment and to a three-year period of supervised release. Cortez gave timely notice of his appeal.

Cortez contends that the district court abused its discretion in failing to explain adequately the extent of its upward variance from the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines imprisonment range. Cortez contends also that the sentence was substantively unreasonable because the district court failed to consider the mitigating circumstance of Cortez's history of alcohol and drug abuse, and because the length of the sentence was greater than necessary to effectuate the purposes of sentencing.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51 (2007).

The district court did not fail to consider Cortez's drug and alcohol abuse; rather, it explained that it did not regard such abuse to be a mitigating factor. Because of Cortez's mendacity and extensive and violent criminal history, the court stated, a non-Guidelines sentence was necessary to reflect the seriousness of the offense, to promote respect for the law, to deter future criminal conduct, to protect the public from further crimes, and to provide just punishment for the offense. The district court's reasons were adequate. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Unlike *United States v. Kirkpatrick*, 589 F.3d 414, 415-16 (7th Cir. 2009), cited by Cortez, the district court's reasons were not conclusional and do not indicate that the sentence was arbitrarily chosen.

While the variance in this case is significant, this court has affirmed similar variances and departures. *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). There is no indication that the district court failed to (1) "account for a factor that should have received significant weight," (2) gave "significant weight to an irrelevant or improper factor," or (3) made "a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted). Because Cortez has shown no more than a disagreement with the district court's balancing of the Section 3553(a) factors, the judgment is

AFFIRMED.