# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2011

No. 10-41082
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM CRUZ-GARCIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1261-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Cruz-Garcia pleaded guilty to reentering the United States illegally after deportation. The district court varied upward from the advisory-Sentencing Guidelines range of 21 to 27 months and sentenced him to 48 months' imprisonment. Cruz contends his sentence was procedurally and substantively unreasonable.

Although, post-*Booker*, the Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court must still properly calculate the advisory sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its findings of fact, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Accordingly, our court first examines whether the district court committed any significant procedural error. *Gall*, 552 U.S. at 51. We next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.*

Cruz maintains the district court procedurally erred by selecting a sentence based on clearly erroneous facts. Although information contained in the presentence investigation report (PSR) showed Cruz worked, albeit illegally, as a street vendor and market salesperson, the district court did not clearly err in finding Cruz had not made any "real contribution" to our economy or society. The comment was premised on the district court's observing that Cruz consistently engaged in criminal conduct while in the United States. The PSR supports the court's noting that, except in one instance, each time Cruz was detained for immigration purposes, it was because he was in custody for another charge.

Cruz also maintains the district court procedurally erred by failing to adequately explain the extent of its upward variance. The court was aware of Cruz' age and difficult employment situation in Mexico; however, because of his extensive criminal history (12 criminal convictions and three arrests) and insistence on returning to this country despite having already served an 82-month sentence for illegal re-entry, the court ruled that a non-Guidelines sentence was necessary to reflect the seriousness of the offense, promote respect for the law, deter future criminal conduct, protect the public from further crimes, and provide just punishment for the offense. *See United States v. Smith*, 440

F.3d 704, 706-08 (5th Cir. 2006).  Unlike in *United States v. Kirkpatrick*, 589 F.3d 414, 415-16 (7th Cir. 2009), cited by Cruz, the court's reasons were not conclusional and did not indicate that the sentence was arbitrarily chosen.  The court expressly fashioned a sentence that would be sufficient, in the light of Cruz' extensive criminal history in this country.

Regarding Cruz' contention that the sentence was substantively unreasonable, he maintains:  a shorter sentence would have been sufficient to deter him because he was nearly 60 years old at sentencing; the court gave insufficient weight to the Guidelines and undue weight to his criminal history; and his having no family in the United States was an improper factor that the court considered.  There is no indication that the court:  failed to "account for a factor that should have received significant weight"; gave "significant weight to an irrelevant or improper factor"; or made "a clear error of judgment in balancing the [18 U.S.C. § 3553(a)] sentencing factors".  *See Smith*, 440 F.3d at 708 (citation omitted).  Accordingly, Cruz has shown no more than a disagreement with the district court's balancing of the § 3553(a) factors.  Moreover, the sentence imposed "was reasonable under the totality of th[ose] . . . factors".  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (citation and internal quotation marks omitted).

AFFIRMED.