**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 29, 2012
Decided March 28, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2289

| | |
|---|---|
| ERIC BURNETT, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:10-cv-00164-JPG |
| | |
| UNITED STATES OF AMERICA, | J. Phil Gilbert, |
| *Respondent-Appellee.* | *Judge.* |

**ORDER**

Eric Burnett pleaded guilty to violating conditions of his supervised release and received an above-guidelines sentence of 50 months' imprisonment, the maximum allowed under the statute. No appeal followed. Burnett then brought a motion under 28 U.S.C. § 2255 alleging that he received ineffective assistance of counsel because his attorney did not file a notice of appeal after his hearing. The district court found that Burnett never asked his attorney to file an appeal, and concluded that counsel's performance was thus not deficient. But because counsel failed to consult with Burnett about an appeal, and a rational defendant in Burnett's position would have wanted to appeal, we reverse.

## I. Background

In December 2008, Burnett was out of prison on supervised release after serving 121 months for distributing crack, and another term of 10 months for violating the terms of his supervised release. The government sought to again revoke Burnett's supervised release because he had allegedly possessed cocaine, submitted false information to his probation officer, associated with convicted felons, and violated self-reporting requirements. Tamara Thomas, Burnett's friend, hired attorney Michael F. Jones to represent him at the revocation hearing. Jones had not previously represented Burnett; they met for the first and only time in a court holding cell on the day of the hearing. The meeting lasted about ten minutes.

Burnett pleaded guilty to the allegations. His guideline sentencing range was 6-12 months. The government recommended a sentence of either 12 months' imprisonment followed by additional supervised release, or 36 months' imprisonment without supervised release; Jones argued for a 12-month prison sentence with no supervised release. The court reminded Burnett that he had been warned that he would be sent back to prison if he violated his release conditions, and reprimanded him for ignoring those warnings. The court then sentenced Burnett to 50 months' imprisonment—the maximum allowed under the statute[1]—and recommended that he receive drug addiction treatment while incarcerated. The court also told Burnett that he could appeal the sentence within 10 days , and that an attorney would be appointed to represent him on appeal if he could not otherwise afford one. No appeal was filed.

Burnett then filed a motion under 28 U.S.C. § 2255 challenging his sentence on the ground that he received ineffective assistance of counsel at his revocation hearing; the motion alleged several deficiencies in Jones's representation, including that he failed to file a notice of appeal. Burnett argued that he would have had a viable claim on appeal because the judge had imposed an above-guideline sentence without, he said, offering adequate reasons as required by 18 U.S.C. § 3553(c). He also submitted an affidavit stating that he told Jones during their meeting in his holding cell that he would want to appeal if he received an above-guideline sentence, and that he confirmed to Jones immediately after he was sentenced that he wanted to appeal.

The district court ordered an evidentiary hearing on whether Burnett told Jones to file an appeal. Jones testified to the following: He and Burnett did not discuss an appeal during

---

[1] There is a 5-year upper limit on the length of time that a defendant may be reimprisoned on a revocation of supervised release. 18 U.S.C. § 3583(e)(3) (2000). When Burnett was first convicted, the supervised-release statute provided that for multiple revocations, this ceiling should apply to the aggregate of all of the terms of reimprisonment. *Id.*; *see also United States v. Eskridge*, 445 F.3d 930, 933 (7th Cir. 2006). Here, because Burnett had already served a 10-month prison sentence for a prior revocation, the maximum remaining sentence that he could receive was 50 months.

their brief meeting before the hearing, and Burnett was taken into custody without saying anything after the sentence was issued. After the hearing, Jones spoke outside with Thomas and told her that Burnett had a right to appeal within 10 days. But he did not believe an appeal would succeed, and thus would not accept any more payment to represent Burnett. He said that if asked, he would still perform his duty to file a notice of appeal, and he suggested that if they decided to appeal then they should file a motion to proceed *in forma pauperis.* Jones did not have any notes or a file regarding the case, and although he professed a clear recollection of everything that was said during his conversation with Burnett in the holding cell, he could not remember certain details from the hearing, such as what sentence he requested or whether the court had asked Burnett if Jones's representation had been satisfactory. Jones did not employ a secretary at that time and did not have any records of phone calls that he received, but he said that if he had received a call then he would have returned it.

Burnett testified that the factual allegations in his affidavit were true. He also testified to the following: After the revocation hearing, Burnett called Thomas and asked her to contact Jones about filing an appeal. Although her relationship with Burnett was strained by his return to prison, Thomas told Burnett that she called Jones several times and left messages, none of which were returned. Burnett also called Jones three times in the days following the revocation hearing, but none of the calls went through.

Finally, the court heard testimony from an investigator with the Federal Public Defender's Office, who had spoken with Thomas approximately one week before the evidentiary hearing. The investigator testified that he had not been able to contact Thomas since then; he speculated that she was avoiding him because she did not want to be subpoenaed to testify. He said that when they last spoke, Thomas told him too that she had called Jones and left several voicemail messages about filing an appeal, and Jones never called her back. The investigator further testified that Thomas had remembered meeting briefly with Jones right after the hearing, and that she recalled Jones saying "we'll just have to appeal it."

The court found that Burnett never asked Jones to file an appeal. Nevertheless, the court expressed some concern about Jones's representation in the case, stating that it was "disconcerting" that Jones did not have any notes or a file regarding the case (for which he accepted a $1500 retainer). But the court doubted the veracity of Burnett's testimony because it seemed "odd" that Burnett would have called Thomas to ask her to talk to Jones about filing an appeal if Burnett had already told Jones that he wanted to file one. The court was also skeptical that Burnett had really told Jones immediately after he was sentenced that he wanted to appeal because the court would have heard him and entered a notice of appeal on his behalf.

The court then issued an order denying Burnett's § 2255 motion. The order rejected Burnett's argument that Jones was ineffective for failing to file a notice of appeal based on the court's finding that Burnett never asked Jones to appeal his revocation judgment. The court also found no merit to Burnett's other complaints with Jones's performance. Burnett appealed, and the district court issued a certificate of appealability with respect to whether Jones provided

ineffective assistance for failing to file a notice of appeal after Burnett timely requested that he do so.

Burnett then filed in this court a motion to expand the certificate of appealability to include other alleged bases for an ineffectiveness claim. We denied the motion as unnecessary, explaining that an ineffective assistance claim encompasses the overall deficient performance of counsel and not any specific failing. Our order clarified that the certificate of appealability states a single issue: whether Burnett received ineffective assistance of counsel.

## II. Analysis

Burnett first challenges the district court's finding that he did not ask Jones to file an appeal. To overcome a factual determination like this, he must show that the district court committed clear error. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Here Burnett argues that Jones's testimony was not credible because his recollection was inconsistent—Jones admitted that he could not remember details such as what sentence he requested, but he claimed he could recall, without notes, everything that Burnett said to him. But the district court had reasons for doubting Burnett's testimony too. The court was right that it is illogical to believe that Burnett would ask Thomas to talk to Jones about filing an appeal if he had really already told Jones himself that he wanted to file one. And the court reasonably doubted that Burnett had requested an appeal while he was still in the courtroom because nobody overheard him. Thus we accept the district court's finding that Burnett did not ask Jones to file an appeal because Burnett has not made a "definite and firm" showing that the court's resolution of the conflicting testimony was a mistake, or clear error. *See United States v. McGraw*, 571 F.3d 624, 629 (7th Cir. 2009).

Burnett next argues that he received ineffective assistance because Jones failed to consult with him about filing an appeal before the time to file one expired. A threshold question is whether Burnett may raise this argument on appeal because, the government says, he did not raise the claim in the district court. *See Domka v. Portage County*, 523 F.3d 776, 783-84 (7th Cir. 2008) (we will generally not consider new arguments on appeal). The government is correct that Burnett's original § 2255 motion did not explicitly argue that Jones was ineffective for failing to consult about an appeal. But the argument is not new. Burnett's claim that Jones was ineffective for failing to file an appeal implicitly raises a claim for failure to consult:

> [T]he question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has not consulted with the defendant, the court *must* in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

*Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000) (emphasis added).

Even if Burnett's failure-to-consult argument were new, he would still be allowed to raise it on appeal because it is a direct response to the district court's opinion. *See Wiese v.*

*Community Bank of Cent. Wis.*, 552 F.3d 584, 591 (7th Cir. 2009) ("[T]he Bank did introduce new arguments on appeal, but they were made directly in response to the district court's opinion, which went a step beyond what either party had argued . . ."). Burnett's original claim was that Jones should have filed an appeal after Burnett asked him to do so; it would have been contradictory for him to also argue a failure-to-consult claim. But, after the district court found that there was no consultation between Burnett and Jones regarding an appeal, it was reasonable for Burnett to respond by arguing that the findings of the district court still support a claim for ineffective assistance. Burnett did not forfeit review of his argument that Jones had—and breached—a duty to consult with him during the time to file an appeal. *Id.*

Because Jones admitted that he never consulted Burnett about an appeal, the next issue is whether he had a duty to do so. *Flores-Ortega*, 528 U.S. at 479-80. We conclude that he did. *Flores-Ortega* imposes a duty to consult if a rational defendant would have wanted to appeal. *Id.; see also Bednarski v. United States*, 481 F.3d 530, 536 (7th Cir. 2007). A rational defendant like Burnett, who pleaded guilty, would almost certainly want to appeal his statutory maximum sentence because he gained nothing in exchange for giving up his right to a trial, *see Flores-Ortega*, 528 U.S. at 481, particularly where nonfrivolous grounds for an appeal exist. *Id.* at 480.

Here Burnett identifies two potential claims to argue on appeal, both of which are nonfrivolous. First, he contends that the district court did not use the guidelines range as a starting point for calculating his sentence. *See United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009). This claim has some arguable merit—the district court only mentioned the advisory range once, at the beginning of the hearing, and it was not connected to the court's explanation of Burnett's sentence. *Id.* Second, Burnett argues that the district court did not give adequate justification based on the factors in § 3553(a) for imposing a sentence more than four times longer than the top of the guideline range. *See Gall v. United States*, 552 U.S. 38, 46 (2007). And, in fact, the court offered hardly any explanation for Burnett's sentence besides expressing hope that Burnett would be helped by prison drug treatment, which is not an appropriate fact for a sentencing court to consider according to 18 U.S.C. § 3582(a). *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011).

The government replies that these potential claims would be frivolous in the context of a revocation sentence, which is reviewed under a more-deferential "plainly unreasonable" standard. *United States v. Kiezeart*, 505 F.3d 672, 674 (7th Cir. 2007). But the practical difference between that standard and the standard for reviewing direct sentences is "slight, perhaps even nil." *Id.* And we will still reverse a revocation sentence if the district court did not use the guidelines as a starting point or failed to adequately justify the sentence based on § 3553(a). *See, e.g., United States v. Robertson*, 648 F.3d 858, 859-60 (7th Cir. 2011); *United States v. Snyder*, 635 F.3d 956, 961 (7th Cir. 2011).

The government further argues that the district court's explanation to Burnett of his appeal rights was an adequate substitute for consultation with counsel, thereby relieving Jones of his duty to consult. *See Flores-Ortega*, 528 U.S. at 481-82. But consultation requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a

reasonable effort to discover the defendant's wishes." *Id.* at 479. Here the court's brief statement to Burnett (that he had 10 days to appeal and could be appointed a lawyer if he was unable to afford one) did not advise Burnett about the pros and cons of appealing, and was thus not sufficiently informative to substitute for the consultation that Jones had a duty to provide. *Id. at* 482.

Lastly, the government asserts that Jones did not have a duty to consult Burnett about an appeal because Burnett pleaded guilty, which indicated that he was seeking an end to the proceedings. *See id.* at 481. But *Flores-Ortega* itself was in the context of an attorney's failure to consult about an appeal following a guilty plea. *Id.* at 489 (Breyer, J., concurring). And it would be unreasonable to infer that a defendant who pleaded guilty did not want to appeal when, like here, the defendant received the maximum possible sentence, far above the upper limit of the guideline range, and thus gained nothing in exchange for the plea. *See id.* at 481.

The remaining question is whether Burnett suffered prejudice as a result of Jones's breach of his duty to consult with Burnett about an appeal. To show prejudice, Burnett must demonstrate that there is a reasonable probability that, but for Jones's failure to consult with him, he would have timely appealed. *Id.* at 485. Burnett has made that showing by identifying nonfrivolous grounds for appeal based on the district court's potential misapplication of the sentencing guidelines and § 3553(a). *See id.* at 486.

Burnett finally argues that Jones rendered ineffective assistance because he did not remain available during the time to file an appeal. *See Corral v. United States*, 498 F.3d 470, 474-75 (7th Cir. 2007). We need not decide this issue because we have concluded that Burnett should prevail on his failure-to-consult claim.

### III. Conclusion

Because counsel rendered ineffective assistance by failing to consult with Burnett about filing an appeal, the district court's judgment is REVERSED and the case is REMANDED for the entry of an order granting Burnett's motion, and reinstating his time to file an appeal from the revocation of his supervised release.