# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 12-41102
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANTOS OVIDIO FUENTES-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-675-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santos Ovidio Fuentes-Gonzalez was convicted of illegal reentry into the United States and was sentenced to serve the statutory maximum of 24 months in prison after the district court determined that the guidelines range of one to seven months was inappropriate. He argues that his sentence is plainly erroneous because the district court did not offer adequate reasons for its choice of sentence and effectively denied him credit for acceptance of responsibility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory, we review sentences for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-51 (2007). However, because Fuentes-Gonzalez failed to raise any objection to his sentence, we review his challenges to it for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To meet this standard, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If this showing is made, we have the discretion to correct the error, but will do so only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

First, Fuentes-Gonzalez argues that his sentence is procedurally unreasonable because the district court did not give adequate reasons to explain why it varied to the extent it did. Our review of the record belies this assertion and shows that the district court chose the sentence it found most appropriate in light of Fuentes-Gonzalez's prior offenses, the danger he posed to society, and the need for deterrence. The district court's explanation for the sentence imposed was proper because it was "fact-specific and consistent with the sentencing factors enumerated in 18 U.S.C. [§] 3553(a)." *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Fuentes-Gonzalez's reliance on *United States v. Kirkpatrick*, 589 F.3d 414, 415-16 (7th Cir.2009), is misplaced because that case is materially distinguishable. Unlike *Kirkpatrick*, the district court's reasons for imposing sentence were not conclusional and do not indicate that the sentence was arbitrarily chosen. We need not address Fuentes-Gonzalez's challenge to his sentence as the result of an upward departure pursuant to U.S.S.G. § 4A1.3 because the sentence may be affirmed on the

alternate basis that it was an upward variance warranted by § 3553(a). *See United States v. Bonilla*, 524 F.3d 647, 656–59 (5th Cir. 2009).

Likewise unavailing is Fuentes-Gonzalez's argument that his sentence is substantively erroneous because the district court's decision to impose the statutory maximum sentence effectively denied him an adjustment for acceptance of responsibility. District courts may upwardly depart when sentencing defendants who have received acceptance of responsibility adjustments. *See United States v. Zelaya-Rosales,* 707 F.3d 542, 544 (5th Cir. 2013); *United States v. Jones*, 444 F.3d 430, 433-34, 443 (5th Cir.2006);*United States Zuniga-Peralta*, 442 F.3d. 345, 346-48 (5th Cir. 2006). Fuentes-Gonzalez has shown no error, plain or otherwise, in connection with his sentence. Accordingly, the judgment of the district court is AFFIRMED.