# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41054
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CASTILLO-HUERTA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-631-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ricardo Castillo-Huerta pleaded guilty to one count of illegal reentry following a prior deportation, and the district court sentenced him above the applicable guidelines range to 40 months in prison, to be followed by a three-year term of supervised release. On appeal, Castillo-Huerta argues that the district court procedurally erred by failing to offer adequate reasons for its choice of sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41054

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-51 (2007). We first consider whether the district court committed a significant procedural error, such as failing to adequately explain the chosen sentence or a deviation from the guidelines range; if the sentence is procedurally sound, we may then consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In evaluating whether a district court committed a procedural error in the sentencing determination, we employ a de novo standard of review. *United States v. Garcia Mendoza*, 587 F.3d 682, 688 (5th Cir. 2009).

Castillo-Huerta argues that his sentence is procedurally unreasonable because the district court did not give adequate reasons to explain why it varied to the extent it did. Our review of the record belies this assertion and shows that the district court chose the sentence it found most appropriate in light of Castillo-Huerta's prior offenses, his numerous unprosecuted immigration violations, his apparent lack of respect for the law, the need for deterrence, and the need to protect the public. The district court's explanation for the sentence imposed was proper because it was "fact-specific and consistent with the sentencing factors enumerated in . . . [§] 3553(a)." *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Castillo-Huerta's reliance on *United States v. Kirkpatrick*, 589 F.3d 414, 415-16 (7th Cir. 2009), is misplaced because that case is materially distinguishable. Unlike *Kirkpatrick*, the district court's reasons for imposing sentence were not conclusional and do not indicate that the sentence was arbitrarily chosen. Although Castillo-Huerta suggests that the court should be required to explain why lesser variances were not adequate, similar to the process used under U.S.S.G. § 4A1.3 to impose an upward departure for an underrepresented criminal

No. 14-41054

history category, he acknowledges that the § 4A1.3 methodology does not apply to variances. *See United States v. Mejia-Huerta*, 480 F.3d 713, 723 (5th Cir. 2007). Because Castillo-Huerta has shown no error in connection with his sentence, the judgment of the district court is AFFIRMED.