In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 17-2725

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GREGORY J. KUCZORA,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 15-CR-214 — **William C. Griesbach**, *Chief Judge.*

---

ARGUED SEPTEMBER 18, 2018 — DECIDED DECEMBER 14, 2018

---

Before SYKES, BARRETT, and ST. EVE, *Circuit Judges.*

SYKES, *Circuit Judge.* Gregory Kuczora falsely represented to unwary investors that he could help them secure millions of dollars in financing. In return they paid him large sums of money to cover fees, which Kuczora pocketed for personal use before disappearing. For this conduct he pleaded guilty to one count of wire fraud, and the district judge imposed an above-Guidelines prison sentence of 70 months. Kuczora argues that the judge did not adequately explain the upward

variance and failed to give him advance notice of the grounds that supported it. He also argues that the sentence is substantively unreasonable.

We affirm. The district judge thoroughly explained his reasoning, and we have never held that a judge must give advance warning of an upward variance. To the contrary, every defendant is on notice that the court has the discretion to impose a sentence above, below, or within the Guidelines range based on the factors listed in 18 U.S.C. § 3553. Finally, the 70-month sentence is not substantively unreasonable. Although the Guidelines can be a rough approximation of what § 3553(a) warrants, the judge did not exceed his broad discretion in concluding that a heavier penalty was justified here.

## I. Background

After Kuczora lost his finance job in 2007, he styled himself as the managing director of KCS Financial, a phony finance firm he ran out of his basement in Elgin, Illinois. In an attempt to lure loan applicants, he falsely represented that KCS Financial had been operating for more than a decade in 12 different countries. Two years later he began telling applicants that he could secure financing for their proposals through Kensington Capital Partners, Ltd., another fake company whose London mailing address forwarded straight back to the basement in Elgin.

Once a potential applicant showed interest, Kuczora would ask for a wire transfer of $10,000 to $25,000 as an underwriting fee. But as soon as he had his fee, he would gradually disappear. At first he would make up excuses for delay—for instance, that his nonexistent legal department

was considering the application. Eventually he stopped responding altogether. Over four years Kuczora defrauded as many as 68 victims of as much as $1,216,755. He spent that money largely on personal expenses—everything from his family's necessities to a luxury car and an expensive horse.

In November 2015 a grand jury indicted Kuczora on two counts of wire fraud in violation of 18 U.S.C. § 1343.[1] Surprisingly, even that did little to curb his appetite for fraud. In 2016 he devised a new scheme in which he represented that he could obtain funding for humanitarian groups from a fictional source of U.S. notes and bonds purportedly worth billions of dollars.

After his indictment for the first scheme, Kuczora delayed the progress of his criminal case for as long as possible before finally pleading guilty to one count of wire fraud. Kuczora did not object to the factual findings in the Presentence Report ("PSR"), including a finding that he defrauded 68 victims. The judge accordingly adopted the PSR findings as undisputed. The judge also heard testimony from six victims. They shared heartbreaking stories of the toll the fraud took on their lives—among other things, bankruptcy, depression, and homelessness. Kuczora likewise called several witnesses, including one person who claimed to have

---

[1] Although Kuczora lived in Illinois, the government brought charges in the Eastern District of Wisconsin where several victims lived and used local banks. *See United States v. Balsiger*, No. 17-1708, 2018 WL 6441478, at *9 (7th Cir. Dec. 10, 2018) (holding that venue was proper in a wire-fraud case brought under 18 U.S.C. § 1343 because some of the victims lived in the relevant district and because the defendant "caused wire transfers in and out of the district in furtherance of the fraudulent scheme").

received some legitimate financing help from KCS Financial. But when pressed, even *that* witness conceded that his projects never received the promised funds and he had to file for bankruptcy.

The Sentencing Guidelines recommended a sentence of 33 to 41 months in prison. The judge accepted that range as a starting point but concluded that it fell short of what was appropriate under § 3553(a). He found that a 70-month sentence was necessary to reflect the seriousness and sophistication of the offense and to deter similar white-collar crime.

## II. Discussion

On appeal Kuczora raises two claims of procedural error. He challenges the adequacy of the judge's explanation for the above-Guidelines sentence and the judge's failure to give advance notice of the grounds on which he was considering an upward variance. We review both procedural challenges de novo. *United States v. Lockwood*, 840 F.3d 896, 900 (7th Cir. 2016). Kuczora also raises a substantive challenge to the reasonableness of the sentence, which we review for abuse of discretion. *See id.* at 903.

Kuczora first argues that the judge failed to give a sufficient explanation for the upward variance from the Guidelines range. To be sure, a judge must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). But contrary to Kuczora's argument, there is no need to identify "'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id.* at 47. In fact, so long as the judge explains why the result is appropriate under § 3553(a), there

is no need to directly "explain why a sentence differs from the Sentencing Commission's recommendation." *United States v. Kirkpatrick*, 589 F.3d 414, 416 (7th Cir. 2009).

Here, the judge calculated the correct Guidelines range, which he properly observed was the starting point for his deliberations. The judge then provided a full and adequate explanation for an upward variance. He emphasized that the fraud was deliberate, lasted for four years, and affected 68 people—a significant number of victims.[2] The judge also highlighted the fraud's devastating impact on the six victims who testified at the sentencing hearing. And although Kuczora pleaded guilty, the judge found that he nonetheless failed to show real remorse. Finally, the judge stressed the sophisticated nature of the offense and the special role deterrence plays in the context of white-collar crime, where the decision to break the law is generally calculated rather than impulsive.

Kuczora's primary complaint is that the Guidelines account for many of these factors. For instance, the Guidelines range already reflected the fact that Kuczora defrauded more than ten victims. Likewise, the judge could have applied a Guidelines enhancement based on the sophistication of the scheme. *See* U.S.S.G. § 2B1.1(b)(10)(C). He did not do so, yet he relied on the degree of sophistication as a justification for imposing a sentence above the range. Kuczora contends that the judge was required to explain why the Guidelines did not adequately capture those factors.

---

[2] Kuczora disputes this number, but it comes from the PSR's factual statement, which he did not object to.

But our precedent is clear that "the sentencing court need not frame its explanation of a sentence in terms of a departure from the guidelines range." *United States v. Courtland*, 642 F.3d 545, 550 (7th Cir. 2011). All the judge must do is "explain why the sentence is appropriate under the *statutory* criteria." *Kirkpatrick*, 589 F.3d at 416. (emphasis added). And the judge did exactly that.

Kuczora contends that we applied a different rule in *Lockwood*, where we said that a sentencing court's reasoning must "includ[e] an explanation for any deviation from the Guidelines range." 840 F.3d at 900. That simply means that in deviating from the Guidelines range, a judge must explain why the higher sentence is appropriate—which the judge did here. Even if the Guidelines and § 3553(a) sometimes overlap, we have never held that a judge must go further and articulate why specific Guidelines factors inadequately account for the nature of the crime, the defendant's background, or any other statutory factor. In fact, we have used the exact language from *Lockwood* in cases explicitly rejecting Kuczora's interpretation. *See, e.g., Courtland*, 642 F.3d at 550 ("[W]e ask whether the sentencing court erred by … failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. But recent case law indicates that the sentencing court need not frame its explanation of a sentence in terms of a departure from the guidelines range … .") (internal quotation marks and citation omitted). To be perfectly clear, we hold once again that as long as a judge uses a properly calculated Guidelines range as a starting point, he may explain a decision to vary from that range with reference to the statutory factors alone.

Kuczora's second procedural challenge is that the judge failed to provide him with advance notice of the grounds on which he might deviate from the Guidelines range. Yet our precedent is clear that a judge "is not required to give advance notice of a sentence above the guidelines range." *United States v. Hayden*, 775 F.3d 847, 851 (7th Cir. 2014). To the contrary, defendants are always "on notice post-*Booker* that sentencing courts have discretion to consider any of the factors specified in § 3553(a)." *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006). Here, like in *Walker*, Kuczora had "full knowledge of all the facts on which the district court relied." *Id.* The judge's analysis was rooted in the PSR, and Kuczora affirmatively chose not to object to that information. No forewarning was required.

Kuczora insists nonetheless that the judge should have given him advance notice of *which* facts in the PSR might form the basis of an above-Guidelines sentence so his lawyers could prepare accordingly. But we have never required that, and for good reason. A notice requirement would significantly limit a judge's ability to consider a sentence outside the Guidelines range: unless the judge were to formally preview his own reasoning, he could vary upward only when justified by prehearing arguments already raised by the parties or the probation office. To curb a judge's sentencing discretion in this way would be fundamentally inconsistent with *United States v. Booker*, 543 U.S. 220 (2005), and its successors.

In addition to the procedural challenges, Kuczora claims that the 70-month sentence is substantively unreasonable. We review that challenge for abuse of discretion. *See Lockwood*, 840 F.3d. at 903. Even though the judge settled on

a sentence above the advisory range, "[t]here is no presumption that a sentence outside the [G]uidelines[] range is unreasonable." *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011).

And this particular above-Guidelines sentence lies well within the judge's broad *Booker* discretion. Kuczora's fraudulent scheme was both deliberate and calculated, and it wreaked havoc in dozens of lives. The Guidelines range was enhanced because Kuczora took advantage of more than ten victims. Yet his scheme defrauded almost seven times that many. And while the Guidelines range was increased because more than $550,000 was at stake, the fraud was almost twice that amount according to the government's estimate. (Kuczora himself puts the number at around $750,000.) Most importantly, Kuczora preyed on those desperate for funding, so the numbers alone may fail to capture the damage he inflicted. The judge heard six victims' tragic stories, and it was not unreasonable to elevate the sentence accordingly. Nor do we have any reason to second-guess the judge's conclusion that Kuczora has not shown remorse. He waited until the eleventh hour to plead guilty, and after his indictment he devised yet a second fraudulent scheme. It was reasonable to think a much longer sentence was necessary to deter a third.

In sum, the judge did not err. He fully explained why the § 3553(a) factors justified an above-Guidelines sentence, and that sentence was well within his discretion.

AFFIRMED.