┌─────────────────────────────────────────┐
│         **NONPRECEDENTIAL DISPOSITION**        │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2019
Decided November 4, 2019

*Before*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1479

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-cr-30136-MJR |
| WARREN GRIFFIN II, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Warren Griffin II pleaded guilty to illegally possessing a firearm as a felon, *see* 18 U.S.C. § 922(g), and was sentenced above the guidelines range to 37 months' imprisonment. Griffin appeals, but his counsel argues the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Because counsel's brief appears thorough, we limit our review to the issues counsel discusses and the additional argument that Griffin raises in his Circuit Rule 51(b) response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first notes that Griffin does not want his guilty plea set aside, and thus properly forgoes discussing the voluntariness of the plea or the adequacy of the plea

colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers whether Griffin could challenge the district court's calculation of the guidelines range and properly concludes that a challenge would be frivolous. The court correctly assessed Griffin's base offense level at 14, *see* U.S.S.G. § 2K2.1(a)(6)(A), and added four levels because he possessed the firearm in connection with another felony (the police recovered 799 grams of marijuana from Griffin's car during his arrest). *See id.* § 2K2.1(b)(6)(B); 720 ILCS 550/5(e) (Any person in possession of "more than 500 grams . . . of any substance containing cannabis is guilty of a Class 2 felony . . . .") After deducting three levels for accepting responsibility, *see* U.S.S.G. § 3E1.1(b), the court properly adopted a total offense level of 15. The court also correctly assessed Griffin's criminal history category at II based on his felon-in-possession conviction in 2001 for which he was sentenced to 102 months imprisonment. *See* U.S.S.G. § 4A1.1(a). Five other convictions, including aggravated assault and twice being a felon in possession, were deemed too old to incur any levels. *See* U.S.S.G. § 4A1.2(e)(3). The total offense level of 15 and criminal history category of II yielded a guidelines range of 21 to 27 months' imprisonment.

Counsel next considers whether Griffin could challenge the court's decision to impose an above-range, 37-month sentence, but rightly concludes that doing so would be futile. We will uphold an above-guidelines sentence so long as the district court reviews the factors in 18 U.S.C. § 3553(a) and explains why the guidelines range does not reflect the defendant's criminality. *See United States v. Musgraves*, 883 F.3d 709, 716 (7th Cir. 2018). The district court here recounted the nature and circumstances of Griffin's offense (carrying a loaded gun in possession of a felony amount of marijuana with multiple prior firearm convictions). The court also emphasized Griffin's "significant" criminal history, including three prior firearm-related offenses that led to prison sentences totaling 290 months. In the court's view, Griffin's criminal-history category of II "seriously underrepresent[ed] his history of criminality and the likelihood of his recidivism" as well as the need for punishment and deterrence. Because many of his earlier, uncounted (i.e., timed out) offenses were "gun after gun after gun," the court concluded that the "more appropriate" criminal history category for him was not II but IV, and so it sentenced him to a term of 37 months—the top of the range under this alternative calculation. Even if the court's decision to recast Griffin's criminal history category was unconventional, the court premised its ruling on an assessment of the § 3553(a) factors and its belief that the guidelines range did not adequately account for the degree of Griffin's past criminality. Because the district court used a properly

calculated guidelines range as a starting point and justified its deviation from that range with reference to the statutory factors, any challenge to the above-guidelines sentence on appeal would be frivolous. *See United States v. Kuczora*, 910 F.3d 904, 908 (7th Cir. 2018).

Counsel also contemplates challenging the three-year term of supervised release, but rightly concludes that doing so would be frivolous. The court sentenced him to a term that was within the guidelines range and thus presumptively reasonable, *see United States v. Jones*, 774 F.3d 399, 404 (7th Cir. 2014), and Griffin offers nothing to rebut that presumption.

The remaining argument Griffin raised would be similarly frivolous. He argues that the sentencing court erroneously stated he had four prior convictions for firearm offenses. But the sentencing hearing transcript shows that the court understood that the number of prior felony firearm convictions was three.

> Court: [Griffin's] relevant conduct involved the possession of a firearm with multiple previous felony convictions on his record . . . He has a significant criminal history including five felony convictions. This will be his third Federal gun case, or fourth.
>
> AUSA: Fourth.
>
> Court: So it is his fourth Federal gun case.

The court correctly understood that Griffin had three prior felony gun convictions.

We GRANT counsel's motion to withdraw and DISMISS the appeal.