In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-1006

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

EDUARDO RAMIREZ,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:19CR45-001 — **Damon R. Leichty**, *Judge.*

ARGUED DECEMBER 15, 2020 — DECIDED DECEMBER 29, 2020

Before KANNE, HAMILTON, and BRENNAN, *Circuit Judges.*

PER CURIAM. Eduardo Ramirez pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 72 months in prison, 15 months above the top of the guidelines range. Ramirez raises two arguments on appeal. First, he contends that the district court procedurally erred by not fully addressing his argument that he, at 44, was aging out of crime. Second, he argues that his sentence was substantively unreasonable because the court overemphasized the

danger he created when he evaded arrest and the seriousness of his past convictions. In our view the district court appropriately handled the "aging out" argument as no data supported it, and the court reasonably justified its above-guidelines sentence. We therefore affirm.

## I. BACKGROUND

Ramirez faced criminal charges after he crashed his car into a truck one evening in May 2019 and fled from the police. As Ramirez sped off, he hit one of the passengers who had leapt from his car. And as the police chased Ramirez, he ran a red light, drove around other cars in parking lots "at a high rate of speed," then fled on foot before the police stopped him. A search of his car revealed a loaded revolver and ammunition, which Ramirez confessed were his. Ramirez later pleaded guilty (without a plea agreement) to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g).

The probation office prepared a presentence investigation report to which Ramirez did not object. Factoring in adjustments for Ramirez's flight and acceptance of responsibility, his offense level was 19. His criminal history, which included a drive-by shooting from 19 years earlier, burglary, theft, drug use, aggravated battery, resisting arrest, and parole violations, put him in Category IV. (Some of these offenses were too dated to count.) The resulting guidelines range was 46 to 57 months' imprisonment.

Ramirez's sentencing came next. The court adopted the guidelines range from the PSR. Ramirez sought a sentence at the bottom of that range; the government asked for the top. After hearing the parties' arguments, the court addressed the factors under 18 U.S.C. § 3553(a). It noted that Ramirez's

crime differed from those of typical § 922(g) defendants who are "simply caught with a firearm in their possession." And, the court continued, a two-level enhancement for reckless endangerment during his flight did not adequately account for the severity of his conduct. Ramirez endangered many people, the court noted, as he led the police on a "high-speed," albeit short, chase around parked cars "in a residential apartment complex." It therefore viewed the guidelines as just an "initial benchmark" that did not capture the perils of Ramirez's flight.

The court then discussed Ramirez's criminal history score. It thought that his score understated his true history because it excluded some older convictions (such as his theft, burglary, and drug use) that were still serious. Ramirez replied that he had aged out of crime at age 44, but admitted that this was "not a strong argument" because he had spent much of his life in prison. Without directly responding to this argument, the court concluded that, in light of Ramirez's past and current crimes, a sentence within the guidelines range would not effectively deter him from endangering others. It therefore adjusted the prison term above the top of the guideline by 15 months, for a total of 72 months' imprisonment.

## II. ANALYSIS

On appeal, Ramirez first contends that the district court procedurally erred by not adequately addressing his argument that, because he had aged out of crime, a longer sentence was not needed. We review procedural challenges to a sentence de novo. *United States v. Kuczora*, 910 F.3d 904, 907 (7th Cir. 2018). A sentencing court procedurally errs if it fails to address all principal, developed arguments raised in mitigation. *United States v. Donelli*, 747 F.3d 936, 937 (7th Cir.

2014). The court, however, may reject minor arguments without discussion, *United States v. Martinez*, 650 F.3d 667, 672 (7th Cir. 2011), and need not address insubstantial arguments. *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). Finally, aging-out arguments matter only in cases where a longer sentence would not produce the desired deterrent or crime-prevention effect. *United States v. Presley*, 790 F.3d 699, 701–02 (7th Cir. 2015).

For two reasons, the district court did not err in rejecting the aging-out argument without detailed discussion. First, by counsel's own admission, it was "not a strong argument," and he supplied no data for it, so the district court did not need to belabor the point. Second, in any case, data do not support the argument. A 57-month sentence, the top of the guidelines range, would have released Ramirez at 49 years old. But the crime for which he was convicted and that the district judge sought to deter and prevent—possessing a firearm as a felon—is recommitted often at that age: Recidivism for this crime is 60.1% among offenders 41 to 50 years old at release. U.S. SENT'G COMM'N, RECIDIVISM AMONG FEDERAL FIREARMS OFFENDERS 22 (2019). Thus, the district judge had no reason to think that Ramirez would have aged out of this crime, even with the additional 15 months. And if Ramirez's past drug use were the relevant metric for deterrence and prevention, as he contends it should be, his argument fares no better: Released drug offenders up to age 50 (Ramirez's age at release) still recidivate at a 40.3% rate. U.S. SENT'G COMM'N, RECIDIVISM AMONG FEDERAL DRUG TRAFFICKING OFFENDERS 20 (2017). Not until the offender reaches the 51- to 60-year age bracket does recidivism drop to 25.9%. *Id.* Finally, given that his current crime involved a gun and a dangerous flight in a car, and his drive-by shooting 19 years earlier involved a gun and a

dangerous drive in a car, his conduct shows that over two decades he has not aged out of specific crimes involving firearms and cars. Thus, the district court's brief summary of the "aging out" argument was not procedurally faulty.

Ramirez next attacks his above-guidelines sentence as substantively unreasonable, contending that the district court improperly overstated both the riskiness of his flight and his criminal history. He emphasizes that, because both of these factors were included in the guidelines range, the court essentially double-counted these factors to justify the 15-month upward variance.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Vasquez-Abarca*, 946 F.3d 990, 993 (7th Cir. 2020). District courts may exercise discretion to impose a sentence outside the guidelines range, provided they justify the basis for doing so under 18 U.S.C. § 3553(a). *Id.* (citing 18 U.S.C. § 3553(c)). The rationale need only be sufficient "for meaningful appellate review." *Id.*

The district court's explanation for the sentence it imposed adequately justified the sentence's variance from the guidelines range. As relevant to this appeal, in addressing the circumstances of the crime, *see* 18 U.S.C. § 3553(a)(1), the court correctly acknowledged that it added two offense levels for the danger that Ramirez's flight caused. *See* U.S.S.G. § 3C1.2. But it reasonably found that Ramirez's flight—speeding through a red light and residential parking lots—did not present "the usual type" of risk from a felon fleeing with a weapon. His flight created a "substantial risk" of "bodily injury to more than one person," which under U.S.S.G. § 3C1.2, application note 6 justifies an upward variance from the guidelines range. Ramirez responds that the PSR never

specified the number of people Ramirez placed at risk. But even he admits that he hit his own passenger as he sped away. That, and racing through a red light and parking lots during an early weekday evening, posed enough risk of death or bodily injury to more than one person that the district court permissibly found that the guidelines range understated the seriousness of his flight. 18 U.S.C. § 3553(a)(5).

Similarly, the district court adequately reasoned that Ramirez's criminal history, *see* 18 U.S.C. § 3553(a)(1), warranted an upward variance to deter crime, protect the public, and promote respect for the law. § 3553(a)(2). The court correctly noted that the guidelines range recognized part of Ramirez's criminal record. But it reasonably explained that his persistent (and violent) history of crime, which included drug use, gun use, aggravated assault, and reckless disregard of the safety of others, some of which was excluded from his history score, showed a chronic and undeterred disregard for the law. That disregard required using the range as just an "initial benchmark." In so reasoning, the court sufficiently justified its deviation from the top of the guidelines range by an additional 15 months. So the sentence is substantively reasonable.

AFFIRMED