**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 5, 2021
Decided October 12, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2774

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 19-40028-001 |
| KORRY M. ARMSTRONG, *Defendant-Appellant.* | James E. Shadid, *Judge.* |

**ORDER**

Korry Armstrong appeals his above-guidelines sentence for unlawful possession of a firearm. He contends that his sentence is unreasonable and that the district court did not consider his history of mental health issues and childhood abuse. But the district court adequately explained why an upward variance was warranted, and Armstrong waived any argument that the court failed to address his mitigation arguments. Accordingly, we affirm.

## I.      Background

Police tracked Armstrong to a residence in rural Illinois, where they sought to execute several arrest warrants. When the police arrived, Armstrong pointed a handgun at his chest and threatened to kill himself. After a three-hour standoff, he shot himself and was rushed to a hospital. Because he had multiple prior felony convictions, his possession of the firearm was unlawful under 18 U.S.C. § 922(g)(1). He pleaded guilty to one count under that statute, but he did not have a plea agreement with the government.

A probation officer calculated a range of 77 to 96 months' imprisonment under the Sentencing Guidelines, based on an offense level of 21 and a criminal-history score of 32 (Category VI). The report noted more than three dozen prior criminal convictions, many of which Armstrong committed while on probation or supervision for other offenses. The district court adopted the officer's findings and guidelines calculation without objection.

The government requested the statutory maximum of 120 months' imprisonment, contending that the guidelines range did not adequately reflect Armstrong's criminal history. The guidelines' sentencing table does not account for criminal histories as extensive as Armstrong's, the government continued, and Armstrong would have had the same criminal-history category (and thus the same guidelines range) with even half as many criminal-history points. *See* U.S.S.G. Ch. 5, pt. A (Sentencing Table). Counsel further highlighted several convictions for which Armstrong received no criminal-history points, mainly because the convictions were too old. *See* U.S.S.G. § 4A1.2(d)(2), (e). These included four prior firearm convictions, and several convictions for violent offenses such as battery, all from the 1990s and early 2000s.

Armstrong, in contrast, asked for a within-guidelines sentence. As mitigating factors, he pointed to his history of mental health issues and childhood abuse. This argument was backed up by the presentence report, which outlined his mother's drug addiction, his stepmother's physical and mental abuse of him, and his own history of mental-health treatment and suicide attempts. He argued that an upward variance was unnecessary because the "practical difference between 96 months and 120 months is not very long" and the extra two years would not make "a huge difference" for his rehabilitation.

After weighing the factors under 18 U.S.C. § 3553(a), the district court imposed a sentence of 106 months' imprisonment, 10 months over the top of the guidelines range. It explained that it had considered Armstrong's mitigation arguments, including the information in the presentence report about his "difficult childhood" and "mental health issues." But it weighed those arguments against Armstrong's "history of violence and unbroken criminal conduct." The court reasoned that because no previous sentence had deterred Armstrong, and because he had demonstrated a likelihood of reoffending, an upward variance was necessary to protect the public and deter future offenses. After imposing its sentence, the court asked Armstrong's counsel if it had "addressed all of your issues that you wished in mitigation," and counsel confirmed that it had.

## II.    Discussion

On appeal, Armstrong contends that (1) the district court procedurally erred because it failed to consider his abusive childhood and history of mental health issues or provide an explanation for an upward variance from the guidelines range; and (2) his sentence is substantively unreasonable. Neither argument is fully developed; both are meritless.

First, Armstrong waived any argument that the district court failed to address his mitigation arguments when his counsel affirmatively stated that it had "addressed all of [his] issues that [he] wished in mitigation." *See United States v. Brown*, 932 F.3d 1011, 1019–20 (7th Cir. 2019) (collecting cases). And when asked during oral argument to explain why we should consider this argument despite the waiver, counsel offered no explanation other than that his client had directed him to raise it. But counsel should not pursue frivolous arguments just because his client asked him to. Indeed, a lawyer has an ethical duty to not make frivolous arguments. *See McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 (1988); *United States v. Bullion*, 466 F.3d 574, 575 (7th Cir. 2006) (collecting cases). In any event, even if Armstrong had not waived the argument, the district court adequately considered Armstrong's arguments and explained its reasons for rejecting them after weighing the relevant sentencing factors. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007). Armstrong's presentence report documented more than 40 criminal offenses within the past 25 years, and the court emphasized that his mitigation arguments were outweighed by this "unbroken" criminal record.

Second, Armstrong has not persuaded us that his sentence is substantively unreasonable. There is no presumption that a sentence outside the guidelines range is unreasonable. *United States v. Kuczora*, 910 F.3d 904, 909 (7th Cir. 2018). And as long as a

district court provides adequate justification, it has discretion to impose a sentence above the guidelines range. *Gall*, 552 U.S. at 49–50. As the government pointed out at sentencing, only a fraction of Armstrong's prior criminal conduct factored into the guidelines calculation. And the court adequately explained that a longer sentence was necessary for deterrence and to protect the public because, despite Armstrong's extensive criminal history, no prior sentence had deterred him. *See* 18 U.S.C. § 3553(a)(2)(B), (C). The court also noted his history of "violent and unbroken conduct." Given these circumstances, the court did not abuse its discretion when it concluded that an above-guidelines sentence was necessary. *See United States v. Vasquez-Abarca*, 946 F.3d 990, 994–95 (7th Cir. 2020) (affirming upward variance when guidelines did not fully reflect criminal history and previous sentences had not deterred defendant).

### III.    Conclusion

For the above reasons, we AFFIRM the judgment of the district court.