In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1382

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARRELL A. LOVING,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:20-cr-00010-JTM-APR-1 — **James T. Moody**, *Judge.*

ARGUED DECEMBER 14, 2021 — DECIDED JANUARY 3, 2022

Before SYKES, *Chief Judge,* and HAMILTON and ST. EVE, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Appellant Darrell Loving pled guilty to drug crimes and was sentenced to 71 months in prison, the top of the Sentencing Guideline range as found by the district court. On appeal Loving contends that the district court erred in calculating his guideline range. He argues that the court did not explain how it calculated the total offense level and that, regardless of the explanation, the court made

two guideline errors: disregarding the parties' agreement for an additional one-level reduction in the offense level for timely acceptance of responsibility, and misusing a departure provision of the Sentencing Guidelines to determine the calculated range rather than as a basis for an upward departure or variance. Loving's arguments are correct, and the record does not allow us to treat the errors as harmless. We vacate Loving's sentence and remand for resentencing.

I.   *Factual and Procedural Background*

When an Indiana State Police trooper stopped Loving for speeding in 2019, he had heroin and cocaine in his car. The trooper asked Loving if he had marijuana on him. Loving sped away, dragging the trooper several feet. As Loving continued to flee, he also drove at high speed through the scene of a recent car accident, endangering other officers and first-responders. Officers eventually caught up with Loving and arrested him. They found 271 grams of cocaine and 56 grams of heroin. Loving pled guilty to possessing cocaine and heroin with intent to distribute them in violation of 21 U.S.C. § 841(a)(1).

In addressing the Sentencing Guidelines, the presentence investigation report proposed setting Loving's offense level at 24 based on the drug quantity. U.S.S.G. § 2D1.1(a)(5). With a two-level enhancement for reckless endangerment during flight, see § 3C1.2, offset by a two-level reduction for accepting responsibility, § 3E1.1(a), the PSR proposed a total offense level of 24 and a criminal history category of II, yielding an advisory guideline range of 57 to 71 months in prison.

The government then pressed two guideline issues in its sentencing memorandum. First, it argued that Loving

"should receive the third point of acceptance of responsibility," see U.S.S.G. § 3E1.1(b), lowering his offense level to 23 and his advisory range to 51 to 63 months. Loving agreed on that point. Second, the government urged the court to sentence Loving above that lower guideline range, as if he had earned another offense level:

> From this [51 to 63-month] range, the government is seeking a one-level upward departure, pursuant to Guidelines Section 3C1.2, application note 6, for substantial risk of death or bodily injury to more than one person during reckless endangerment during flight. This one-level upward departure results in the equivalent of a range of 57 to 71 months.

Loving opposed that extra offense level, whether as an upward departure or as an extra level added to the calculated range.

The district court adopted the findings from the PSR, but it did so without addressing, let alone adopting, the parties' agreement that Loving should receive the third level for acceptance of responsibility and that his calculated guideline range should be based on a total offense of level of 23. The court found that Loving's total offense level was 24, that his criminal history category was II, and that his advisory guideline imprisonment range was 57 to 71 months. Loving objected to "the increase under 3C1.2, the upward variance taking it to 24." In response, the government presented testimony that Loving's flight through the scene of the car accident had endangered bystanders, establishing what the government called "the factual basis for a one-level upward variance" under application note 6 of U.S.S.G. § 3C1.2.

The court overruled Loving's objection and kept the calculated guideline range at 57 to 71 months:

> [D]efendant's objection is not well taken; therefore, it is overruled. My findings stay in place, and I will repeat them. The defendant's total offense level is 24. His criminal history category is 2. That makes his advisory guidelines imprisonment range 57 to 71 months.

After the court announced its guideline findings, Loving asked for a sentence of 48 to 54 months. The government recommended 71 months, arguing that "even if an appellate court thought that [Loving] shouldn't have gotten the one-point enhancement, just the 3553(a) factors … would warrant the 71 months sentence."

The district court sentenced Loving to 71 months in prison. The court said three times that the case called for a sentence within the applicable guideline range. The court said that Loving showed no mitigating circumstances that "warrant a sentence below the applicable advisory" range, that his crimes were "deserving of no less than a guideline sentence," and that the appropriate sentence was "71 months … which is within the applicable guidelines sentencing range." The court also said that the statutory sentencing factors under 18 U.S.C. § 3553(a) justified a within-guideline sentence:

> [T]his sentence of imprisonment is imposed for the following reasons: It reflects the seriousness of the crimes of conviction. It promotes respect for the law. It provides just punishment for the crimes of conviction. It is sufficient but not greater than necessary to hold the defendant

> accountable for his criminal conduct. It takes into account the circumstances and the nature of the crimes of conviction and the background, history, and the personal characteristics of the defendant. It provides the defendant with correctional treatment in the most effective manner. It affords adequate deterrence to this type of criminal conduct. It protects the public from further crimes of this type by the defendant, and it avoids unwarranted sentence disparities among defendants.

The court issued a written judgment and Statement of Reasons the same day. In the Statement of Reasons, the district court checked a box indicating that it had adopted the guideline calculations in the PSR without change.

II. *Analysis*

On appeal, Loving argues that the district court made two procedural errors that affected his guideline range. First, the PSR's calculated range (57 to 71 months) did not reflect the parties' later agreement that Loving's offense level should be reduced to 23, so that his guideline range would drop to 51 to 63 months. Second, the district court treated the government's request for "departing" from this 51- to 63-month range as if his actual, calculated guideline range were 57 to 71 months. In doing so, Loving contends, the court mistakenly enhanced his offense level based on application note 6 of U.S.S.G. § 3C1.2, which suggests consideration of a "departure" rather than a change in the calculated guideline range itself.

A. *Standard of Review*

Before delving into the merits of these arguments, we address two matters concerning the standard of review. First, the government contends that Loving "invited"—and thus waived—the errors he asserts on appeal by accepting the government's view that the correct guideline calculation depended on whether note 6 of U.S.S.G. § 3C1.2 applied here. We disagree. The sentencing transcript shows that Loving objected explicitly "to the increase under 3C1.2, the upward variance taking it to 24." Loving is not challenging on appeal any choice he urged the district court to make. There was no invited error here.

The government also argues that even if Loving did not invite the error, he forfeited his arguments by failing to raise them in the district court. Again we disagree. Loving clearly preserved his challenge to the guideline range. In his filings before the sentencing hearing, he argued for an offense level of 23 and a sentencing range of 51 to 63 months, as he does on appeal. At the hearing, he objected to the court's use of offense level 24. These arguments preserved an objection to a higher offense level and sentencing range. Loving was not required to take a later "exception" to the court's actions after its decision. See *United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018). "[T]he Rules of Evidence and the Rules of Criminal Procedure require a litigant to make known the position it advocates and to present evidence and argument for that position," but they "do not require a litigant to complain about a judicial choice after it has been made." *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009); see Fed. R. Crim. P. 51.

B.  *The Guideline Issues*

Turning to the merits, we agree with Loving that the district court made procedural errors in calculating a total offense level of 24. First, the court did not explain why it adopted this total offense level. District courts must calculate a defendant's total offense level in a manner that allows appellate review of the reasoning. *United States v. Titus*, 821 F.3d 930, 933–34 (7th Cir. 2016), citing *United States v. Bokhari*, 430 F.3d 861, 863–64 (7th Cir. 2005). The sentencing transcript here does not show which of two possible paths the court followed in reaching offense level 24. The court could have adopted a total offense level of 24 from the PSR despite the parties' agreement to reduce it by one level based on timely acceptance of responsibility. Or the court could have reduced the PSR's calculation by one level in light of the parties' agreement on the third acceptance level, but then accepted the government's reliance on § 3C1.2, application note 6, to add a level to the guideline calculation rather than use an upward departure. The court's explanation at sentencing could be read as indicating that both occurred, but that would have been internally inconsistent. Adopting both the calculations in the PSR *and* the government's argument for an extra level under the application note would have resulted in an offense level of 25, not 24:

- o  Base offense level                              24

- o  Reckless endangerment            +2
    enhancement, § 3C1.2

- o  Acceptance of                                -2
    responsibility, § 3E1.1

|  |  |  |
|---|---|---|
| o | Enhancement for endangering multiple people, § 3C1.2, appl. n.6 | +1 |
|  | Total offense level | 25 |

This absence of an explicit rationale for the total offense level could itself be ground for remand. When the record "lacks sufficient clarity for this court to determine … the district court's methodology and final determinations pertaining to total offense level," remand may be needed for the district court to make explicit its calculations. *Titus*, 821 F.3d at 934–35 (remanding for resentencing where district court did not make explicit the factual findings that led to the total offense level) (internal citation omitted). In this case, however, remand is not based only on the absence of an explanation. Both possible rationales were erroneous for other reasons.

First, if the court adopted the calculations from the PSR, then it erred by failing to explain why it declined to apply the further one-level reduction for acceptance of responsibility, to which the parties had agreed under U.S.S.G. § 3E1.1(b). In its current form, § 3E1.1 allows for a reduction of as much as three levels in the total offense level based on the defendant's acceptance of responsibility. Section 3E1.1(a) provides for a two-level reduction. A third level is available if the offense level before applying § 3E1.1(a) is 16 or greater and if the government makes a motion to apply the third level. Loving argues that the court must grant the third-level reduction upon the government's motion, citing *United States v. Mount*, 675 F.3d 1052, 1057 (7th Cir. 2012). After we decided *Mount*, however, the Sentencing Commission amended the commentary to § 3E1.1 to clarify that the district court has the authority to

deny a government motion for a third level. U.S.S.G. App. C., Amend. 775 (Nov. 1, 2013), discussed in *United States v. Vargas*, 961 F.3d 566, 580 (2d Cir. 2020). Amendment 775 added a paragraph to Note 6 to § 3E1.1 using the phrase "the court in deciding whether to grant the motion.…" The Sentencing Commission's explanation of the amendment discussed the conflict between our decision in *Mount* and *United States v. Williamson*, 598 F.3d 227, 230 (5th Cir. 2010), and explained that the amendment was intended to resolve the conflict against the *Mount* position by endorsing a sentencing court's discretion to deny such a motion.

That amendment to the commentary effectively superseded our holding in *Mount* that the third level is mandatory upon the government's proper motion. The problem here is that the district court denied the government's motion without giving any explanation. Even under Amendment 775, it is clear that a sentencing court must explain a denial of such a motion by the government. See *Vargas*, 961 F.3d at 584. That did not happen here.

Second, and on the other hand, if the court accepted the calculation from the government's sentencing memorandum, where it urged a one-level increase to Loving's offense level based on application note 6 of § 3C1.2, the decision runs into a different error: In that event, the court improperly used one of the departure provisions of the Sentencing Guidelines to calculate Loving's advisory range. Since the Guidelines were deemed advisory in *United States v. Booker*, 543 U.S. 220 (2005), we have often said that sentencing courts are no longer required to engage in traditional departure analysis. E.g., *United States v. Pankow*, 884 F.3d 785, 793–94 (7th Cir. 2018); *United States v. Brown*, 732 F.3d 781, 786 (7th Cir. 2013). That does not

mean, however, that departure provisions are entirely obsolete. Departure provisions have always played an integral role in the advisory guideline sentencing system. E.g., *Pankow*, 884 F.3d at 793 ("we have emphasized that 'district courts can still take guidance from the departure provisions … and apply them by way of analogy when assessing the § 3553(a) factors'"), citing *Brown*, 732 F.3d at 786.

But even after *Booker*, the first step in the sentencing process has remained correct calculation of the applicable guideline range. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018); see U.S.S.G. § 1B1.1(a) (providing application instructions for Sentencing Guidelines). It is not until the second step, which is optional, that the court may consider the advice in the Sentencing Guidelines about potential departures. U.S.S.G. § 1B1.1(b). Finally, at step three, the court must consider the sentencing factors listed under 18 U.S.C. § 3553(a) and determine, in light of those factors, whether to accept or reject the advice of the Guidelines. U.S.S.G. § 1B1.1(c); *Peugh v. United States*, 569 U.S. 530, 536 (2013).

The problem with the district court's use here of the relevant departure provision—application note 6 of U.S.S.G. § 3C1.2—is that the court seems to have applied it at the wrong step of the sentencing process. Nothing prohibited the court from considering the provision—which suggests an upward departure may be appropriate if the defendant endangered multiple people during flight—at step two of the sentencing process, and using it to explain an upward variance from the guideline range. See *United States v. Ramirez*, 983 F.3d 959, 962 (7th Cir. 2020) (affirming sentence where court relied on U.S.S.G. § 3C1.2, application note 6, to vary from correct guideline range). In this case, however, the district court

relied on this provision at step one of the sentencing process to increase Loving's calculated offense level and to anchor his advisory guideline range to "57 to 71 months." This was a procedural error.

To be sure, the difference between adding one offense level in calculating the guideline range and applying an upward departure equivalent to one offense level might seem hypertechnical to some. That difference could easily be deemed harmless if the district court had acknowledged the difference and had indicated clearly that it would have no effect on the final sentence imposed. See *United States v. Hines-Flagg*, 789 F.3d 751, 757 (7th Cir. 2015) (error in guideline calculation not shown to be harmless). Under either approach, the Sentencing Guidelines as a whole would point toward the same effective range for a prison sentence. In this case, however, we simply cannot deem harmless the apparent confusion between guideline range and upward departure.

First, at sentencing, the district court said three times that Loving deserved a sentence *within the guideline range*. Those statements are strong evidence that the erroneously calculated guideline range influenced the court's chosen sentence. See *Molina-Martinez v. United States*, 758 U.S. 189, 199 (2016) (explaining that if a court explains the chosen sentence relative to the sentencing range, "*then the Guidelines are in a real sense the basis for the sentence*") (emphasis in original). Second, as explained above, each of the two possible paths toward calculating the total offense level as 24 included an error. Finally, we cannot infer, based on the district court's terse comments about the sentencing factors under 18 U.S.C. § 3553(a) that the court believed a 71-month prison sentence would be appropriate regardless of the correct guideline range.

We express no opinion about whether 71 months in prison is an appropriate sentence for Loving. The PSR shows that he endangered multiple people during his flight, first by dragging an officer as he drove away and then by driving through the scene of a recent car accident. On remand, after considering the government's motion for the third level of an acceptance-of-responsibility reduction and calculating Loving's correct guideline range, the district court may consider a possible upward departure or variance and must consider the factors under 18 U.S.C. § 3553(a). Both paths allow consideration of the circumstances of Loving's offenses and his attempted flight, as long as the path of the court's reasoning is clear.

Loving's sentence is VACATED and the case is REMANDED for resentencing.