**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 14, 2021[*]
Decided January 26, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2363

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the |
| *Plaintiff-Appellee*, | United States District Court for the |
| | Southern District of Illinois. |
| | |
| *v.* | No. 4:20-CR-40046-JPG-1 |
| | |
| SHAWN H. ABBOTT, | J. Phil Gilbert, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Shawn Abbott was sentenced to 240 months in prison and 10 years of supervised release for the sexual exploitation of a child, 18 U.S.C. § 2251(a), (e). The district judge imposed an above-Guidelines sentence, given the "unspeakable" and "unforgivable"

---

[*] We granted the parties' joint motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

nature of the offense, in which Abbott gave his teenage victim a sleeping pill so that he could undress her and take nude photos. Because this determination was an appropriate exercise of the judge's discretion, we affirm.

After receiving a tip, FBI agents interviewed Abbott (a 39-year-old man with paraplegia) about pictures depicting child pornography that he had downloaded to his computer. During the interview, Abbott consented to a search of his cell phone, which uncovered five additional images that appeared to be child pornography. Abbott admitted that he had taken the photographs and that they were of his friend's 13-year-old daughter. Though Abbott had previously traded child pornography in exchange for new images, he denied that he distributed the photos that he took.

The photos dated back to a sleepover held at Abbott's house for his daughter. Abbott gave the victim an adult dose of sleeping medication. Once she was asleep, he pulled down her sweatpants and underwear to take the pictures. He said that his contact with the victim was limited to touching her buttocks while he repositioned her for the photos. But the victim confirmed that he had also touched her buttocks during other visits to Abbott's house, and on one occasion he touched her breasts over and under her clothing.

Abbott pleaded guilty without a plea agreement to a one-count indictment charging him with sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and (e). The judge adopted the presentence investigation report's Guidelines calculations, which included three offense-level enhancements: one for an offense involving a minor between 12 and 16, U.S.S.G. § 2G2.1(b)(1)(B); another for an offense involving sexual contact, *id.* § 2G2.1(b)(2)(A); and a third for an offense involving a minor under the defendant's care, *id.* § 2G2.1(b)(5). After applying a reduction for acceptance of responsibility, the judge calculated an offense level of 35 and criminal history category I, resulting in a Guidelines range of 168 to 210 months that was adjusted to 180 to 210 months because of a statutory minimum 180-month prison term.

The judge sentenced Abbott to 240 months in prison—30 months above the Guidelines range—and justified the upward variance based on several aggravating factors: Abbott admitted to possessing and trading other child pornography, drugging the victim so that he could photograph her, and smelling her vagina while taking the photos. Additionally, the judge noted that on at least one other occasion, Abbott touched the victim's breasts. In the judge's view, that act was not factored into the sexual-contact enhancement, which accounted only for the contact that occurred while Abbott took the pictures. The judge also determined that neither of Abbott's arguments

in mitigation involving his paraplegia or his lack of any criminal history excused or prevented his conduct. The judge concluded that the sentence reflected "the horrific nature of this offense" and the harm done to the victim, who is "scarred" and will have to "deal with [what happened] mentally [for] the rest of her life."

Abbott first argues that the judge's findings that the victim experienced greater-than-normal harm and that Abbott's offense was "horrific" are too speculative or generalized to justify an above-Guidelines sentence. Abbott acknowledges that all victims of child-exploitation crimes experience some amount of harm but insists that his victim experienced no harm that was greater than normal. Similarly, he accepts the horrific nature of all child-exploitation crimes but maintains that the particular facts of his case do not warrant an above-Guidelines sentence. *See United States v. Miller*, 601 F.3d 734, 739 (7th Cir. 2010).

The judge adequately explained why he found Abbott's conduct sufficiently troubling to support an upward variance. *See United States v. Ballard*, 12 F.4th 734, 740 (7th Cir. 2021). For instance, the judge highlighted Abbott's drugging of the victim so that she could not resist him, sexual contact with her while taking the photos, violation of her trust, touching the victim's breast on a previous occasion, and possession and swapping of child pornography. The judge appropriately exercised his broad discretion, *see United States v. Fogle*, 825 F.3d 354, 359 (7th Cir. 2016), by considering and rejecting Abbott's mitigation arguments (e.g., that the victim did not suffer greater-than-normal harm because the offense was limited in duration, involved sexual contact rather than overt sexual acts, and took place while she was unconscious, sparing her any recollection of firsthand knowledge).

Abbott also argues for the first time that the judge wrongly based the upward variance on his drugging of the victim—a factor that Abbott equates on appeal with an enhancement under § 2G2.1(b)(2)(B) of the Guidelines. Abbott points out that the enhancement would apply only if he had engaged in a sexual act, which he denies doing. Regardless, the Guidelines are advisory, and a sentencing judge is free to disagree with a particular provision of the Guidelines or the sentencing range resulting from the application of the Guidelines as a whole, and even to impose a non-Guidelines sentence that better reflects the severity of the defendant's conduct. *United States v. Rosales*, 813 F.3d 634, 637 (7th Cir. 2016). Here the judge explained that he did not believe that the Guidelines range adequately accounted for the behavior he found troubling (which included Abbott's drugging of the victim), and this explanation is all that is required. *United States v. Dawson*, 980 F.3d 1156, 1166 (7th Cir. 2020).

Abbott relatedly argues that the judge wrongly based the upward variance on his previously having touched the victim's breasts—conduct that, he believes, already was accounted for in the enhancement under § 2G2.1(b)(2)(A) ("offense involv[ing] the commission of a sexual act or sexual contact"). But Abbott misapprehends the basis for the enhancement. The Guidelines define "offense" as "the offense of conviction and all relevant conduct," U.S.S.G. § 1B1.1 cmt. n.1(I), which must be germane to the charged offense. *United States v. Ritsema*, 31 F.3d 559, 567 (7th Cir. 1994). Abbott received the enhancement not for previously touching the victim's breasts but for touching her buttocks while positioning her in the photos; a sexual touching that related to the commission of the instant offense.

Even if Abbott were correct that § 2G2.1(b)(2)(A) accounted for him touching the victim's breasts, the judge was entitled to consider the conduct when applying the sentencing factors in 18 U.S.C. § 3553(a). The Guidelines and the sentencing factors may at times overlap, and as long as a properly calculated Guidelines range is used as a starting point, a judge may impose an upward variance by reference to the statutory factors alone. *United States v. Kuczora*, 910 F.3d 904, 908 (7th Cir. 2018).

AFFIRMED