NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022
Decided June 13, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2113

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:20-cr-30162-SPM-1 |
| FERNANDEZ WHITE, *Defendant-Appellant.* | Stephen P. McGlynn, *Judge.* |

**O R D E R**

Fernandez White pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him above the applicable range under the Sentencing Guidelines to 120 months in prison—the statutory maximum. White appeals, but his appointed lawyer asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). White responded with a letter discussing issues he wishes to raise. See CIR. R. 51(b). Counsel's brief explains the nature of the case and raises potential issues that an appeal like this would be expected

to involve. Because her analysis appears thorough, we limit our review to the subjects that counsel and White raise. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Responding to a report that a man had brandished a rifle at a woman, officers from the East St. Louis Police Department spotted White carrying a rifle under his jacket. White fled into a wooded area and returned without the weapon. Officers arrested him, searched the area, and found an assault rifle loaded with 26 rounds of ammunition. Surveillance video from a nearby liquor store showed White entering the store earlier that day with the gun.

White pleaded guilty without an agreement to possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). The probation office prepared a Presentence Investigation Report and calculated a guidelines range of 77 to 96 months' imprisonment (based on a total offense level of 21 and a criminal-history score of VI). The PSR contained incorrect information; in the summary of White's criminal history, it mistakenly included several pending charges against his father—of the same name, Fernandez White, Sr.—including an incident in which his father accidentally punched an 11-year-old child while attempting to hit a female family member. The probation office revised the PSR to omit reference to the incidents, and the judge adopted the revised PSR without objection.

At sentencing, White sought a within-guidelines sentence, but the judge granted the government's request for an upward variance to the 120-month statutory maximum. 18 U.S.C. § 924(a)(2). In justifying that sentence, the judge found White's long history of impulsive conduct and violence against women to be an aggravating factor. The judge emphasized that White was facing pending charges in state court for allegedly raping a 14-year-old girl at gunpoint. Even though the charges were pending, the judge thought that there was "very strong" evidence (including DNA) showing that White, "at a minimum," had engaged in felony sexual conduct with a minor while possessing a firearm. Further, the judge reasoned that the circumstances of the instant offense were serious—White carried a loaded rifle into a liquor store while he was on bond for three pending charges. The judge concluded that the guidelines range failed adequately to reflect the seriousness of White's conduct and the threat he posed to society.

In her *Anders* brief, counsel informs us that she consulted with White and that White did not wish to challenge his guilty plea, so she does not explore the adequacy of the plea colloquy or the voluntariness of White's plea. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). In his Rule 51(b) response, however, White tells us he does wish to challenge his guilty plea based on ineffective assistance of trial counsel. He

asserts that his attorney in the district court "tricked" him into taking an open plea by assuring him he would not receive the statutory-maximum sentence.

But any challenge to the validity of White's guilty plea would be frivolous. White did not seek to withdraw his plea in the district court, so we would review the plea colloquy only for plain error, *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013), and the record here reflects no such error. The judge accepted White's plea after conducting a colloquy that substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *Id.* The judge determined that White understood the charges, the trial rights that he was waiving, and the maximum penalties for his offense. See FED. R. CRIM. P. 11(b)(1). The judge further ensured that White's plea was supported by an adequate factual basis and made voluntarily. See FED. R. CRIM. P. 11(b)(2)–(3).

Counsel next considers whether the judge, in calculating the guidelines range, erred in assigning White a base-offense level of 22 for offenses involving the possession of certain firearms. See U.S.S.G. § 2K2.1(a)(3). That Guideline applies if:

> (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

The judge accepted the probation officer's recommendation that the guideline applied because White's offense involved a rifle as defined under 26 U.S.C. § 5845(c). But as counsel points out, the guideline specifically refers to subsection (a) of 26 U.S.C. § 5845 and no other subsection. Counsel appropriately concludes that this error is harmless, however, because undisputed evidence in the record reflects that the rifle possessed by White fits the first clause of § 2K2.1(a)(3)(A)(i)—a "semiautomatic firearm that is capable of accepting a large capacity magazine." We also agree with counsel that any challenge to the judge's remaining guidelines calculations would be frivolous. The judge properly assessed White's total offense level at 21 and criminal history score at VI, yielding a prison range of 77 to 96 months. See U.S.S.G. § 5A.

White, for his part, wishes to argue that the judge procedurally erred by sentencing him based on inaccurate information. White asserts three errors. First, he maintains that the judge highlighted an incident reported in the PSR that involved his

father and not him. Recounting White's violent acts against women, the judge identified White as the attacker in an incident involving his 13-year-old cousin:

> There was an incident … that didn't result in criminal charges, but an incident some years back involving a 13-year-old cousin, a female who claimed you dragged her out of bed, pulled her hair. The police are called to the scene. That's a red flag.

White says his cousin is willing to confirm that the attack was carried out by his father.

Because White did not object to this information in the PSR, we would review it for plain error. *United States v. Oliver*, 873 F.3d 601, 607 (7th Cir. 2017). And any error here was not plain. To succeed on a due-process claim, White would need to show that the judge relied on inaccurate information, and that there is a "reasonable probability" that the error affected his sentence. *United States v. Miller*, 900 F.3d 509, 512–13 (7th Cir. 2018). But apart from this incident involving his cousin, the PSR described numerous other episodes that support the judge's overall conclusion that White had a long history of violence against women. Further, the judge provided other reasons for imposing a statutory-maximum sentence, including the severe nature of the offense, White's commission of the crime while on probation, and, in particular, White's use of a firearm to sexually abuse a minor. See *id.* (no prejudice where judge misstated defendant's hypothetical criminal-history category if higher categories were available but also appropriately considered other sentencing factors, such as defendant's possession of a loaded gun and the "great risk" he posed of committing violent crimes).

White's second asserted error is that the judge incorrectly found that the firearm used during the sexual assault was the same firearm that his girlfriend reported stolen a year later. The judge stated that the firearm used in the sexual assault was "incidentally, like the firearm in this case … at one time in the possession of your girlfriend" who later reported the weapon stolen. White points to police reports showing that the pistol his girlfriend reported stolen bore a different serial number than the one used in the sexual assault. But even if the judge's information was inaccurate, there is no reasonable probability that the error affected White's sentence. The judge explicitly said that he was mentioning the information only "incidentally." And the context of the remark shows that the judge's concern was not the source of the firearm but White's use of the firearm to perpetrate a sexual assault.

White's third asserted error is that the judge mistakenly believed he used a firearm during a previous robbery. White points to the judge's comment that White was "willing to use firearms to get things that [he] want[s], but [is] not entitled to." But White reads the judge's comment out of context. The judge proceeded to acknowledge that the report of the robbery did not refer to any firearm. His reference to White's willingness to use firearms appears to relate to White's alleged sexual assault; as the judge remarked, "I do believe that you have used firearms to impose your will to get something from someone that she did not want to give."

Counsel next considers and rightly rejects challenging White's sentence as substantively unreasonable. The judge appropriately justified his above-guidelines sentence when he explained that the guidelines range did not adequately account for the severity of White's offense conduct and criminal record, particularly his use of a firearm in the alleged sexual assault of a 14-year-old. 18 U.S.C. § 3553(a); *United States v. Ramirez*, 983 F.3d 959, 962 (7th Cir. 2020) (affirming above-guidelines sentence where Guidelines did not adequately reflect serious circumstances of offense and defendant's criminal history). While White wishes to argue that the judge should not have considered the pending sexual-assault charges, a sentencing court may consider reliable evidence of wrongdoing for which the defendant has not been convicted. *United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008); see *United States v. Slone*, 990 F.3d 568, 572 (7th Cir. 2021) (discussing acquitted conduct). The judge here found the evidence of White's involvement "very strong," so it was appropriate for him to consider that conduct when fashioning the sentence.

Finally, to the extent White wants to argue that his trial counsel rendered ineffective assistance by convincing him to accept the plea, such claims of ineffective assistance are generally best reserved for collateral review, where a more complete record can be developed. See *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Therefore, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.